Our last case this morning is similarly Woodway USA v. LifeCore Fitness, 2025-1431, Ms. Jelinchik. Good morning. May it please the Court. Katie Jelinchik of Foley & Lardner on behalf of Woodway, the patent holder and the appellant here. The issues in this appeal are very different than the issues you just heard about from my colleague, Ms. Rieger. Here, the District Court's judgment should be vacated for at least three reasons. Well, we actually have a claim construction here to argue over, I think, right? That's correct. And principally, that's the first issue with why judgment should be vacated. The District Court rewrote the claim limitation substantially prevents to mean completely prevents. And that construction reads substantially out of the claim. And it's unsupported by any clear and unmistakable disclaimer. The second issue is that the prosecution history does not do the work that the District Court assigned to it. Woodway distinguished Bostick and Savatieri because the one-way mechanisms that were included in those two prior disclosures were not safety devices that restricted treadmill belt rotation at all. Woodway never told the examiner that the claims require absolute impossibility of movement in the opposite direction under every force condition. The last issue is that even if you're unsure with Woodway's proposed interpretation of the plain and ordinary meaning of substantially prevents, under the District Court's approach, excuse me, under the District Court's approach, summary judgment cannot stand because assaults non-infringement showing depends exclusively on users circumventing the normal operation of the treadmill. Users are deliberately... Do you have a definition for substantially prevents beyond clear and ordinary? I don't think you made one to the District Court. But I'm just, if we agree with you that the District Court has improperly used prosecution history to limit this, then what's going to happen below? Are you just going to go back to plain and ordinary meaning? Or are you going to actually give the District Court what you think the proper construction of substantially prevents is? We think most prudent would be to provide what constitutes plain and ordinary meaning. Insofar, the parties disagreed as to what that was. What is your view on what it is? Sure. Woodway believes that substantially prevents means largely prevents, but it doesn't require absolute impossibility or complete restriction of movement. What about life course for post-construction, which is it prevents movement after allowing no or minimal movement? Assault construction is incomplete because it doesn't address the period of time after the one-way bearing or the safety device, more generally, is engaged because there can be circumstances, and in particular, the particular circumstances that assault is relying on to avoid infringement is by forcing an override of that safety device. But claim construction, I'm looking at the specification, right? I mean, that's what I'm thinking about with claim construction. And the specification doesn't talk about that, what you're talking about there. Instead, it has an embodiment like in the bottom of Column 7 holding over onto Column 28 that has some sort of interaction of a key and a keyway that says that, if I have the language correctly, it says it's configured to fit rotation. Wait, I'm sorry. Hang on. It says that there's some, oh yeah, here it is. The rear shaft 68 begins to move counterclockwise, and then the interaction of the key and keyway begins to drive the inner ring so that it's not going to move anymore. I mean, in other words, I see the specification of how there's some movement, for sure, in this embodiment in the direction, the counterclockwise direction, the direction that the claim that the district court judge thought there should be no direction movement at all. But then it doesn't say anything like, and if there's an excessive amount of force, then there's going to be, you know, there will be possible rotation. But it will require an excessive amount of force. The specification, and importantly, the claim language, does not delineate any particular force thresholds or requirements. And indeed, within the specification of the three asserted patents, the discussion never refers to the treadmill belt being substantially prevented. It talks about the concept of prevention, and in particular, tethering, preventing the forward movement or the opposite direction of movement of the treadmill belt in the context of safety. And so in that discussion, and throughout the remainder of the discussion of the specification, it does not delineate one way or the other that there needs to be this absolute prohibition about movement in the opposite direction. To the contrary, there are instances, including the portion of the specification that Judge Stoll, you just referred to, that contemplates movement. And so again, going back to what Woodway's proposed— But it's movement until the safety device is engaged. That's correct. But from Woodway's perspective, there also could be movement once the frictional threshold is reached from this mechanical safety device system. The safety device, and in particular, the one-way bearing that Assault used and incorporated into the accused treadmills, the specification sheet specifically identifies that that one-way bearing only moves in a single direction. And does not require particular— Wait, you're conflating infringement with claim construction, right? No, I'm not conflating infringement with claim construction. My point is in the practical application of using a one-way safety device, there is going to be modest movement to engage the safety device in the first instance. For example, when somebody steps on the curved manual treadmill, for that one-way bearing to lock in place to preclude, to substantially prevent rotation in the forward direction, it's going to lock. And at some frictional threshold, the safety device is going to be overcome. The amount of force that it's going to take to overcome that safety device is unknown. It depends on the particular selection of the one-way bearing you're going to use. In this circumstance, the claim language specifically and the specification more generally does not require or call for specific tolerances for that frictional threshold. It says substantially prevents rotation.  And that can just be enough friction to make it not really operate unless you force it in some way, which you can do. Or it could be some kind of mechanical device that's going to just absolutely stop the treadmill. Although maybe that still can be overcome with enough force too, I guess. I mean, I'm not sure that that makes much difference, but it seems like the whole point of this is to substantially prevent forward movement in the normal operation of the device, not whether you can grab a hold of the bars and press forward and it's going to override whatever the safety features are, either by overcoming the friction point or just maybe breaking something and having it rotate free. I think that's exactly right, Your Honor. How do we know, though, that that's what substantially prevents means rather than what they think, which is at some point there's some device that just locks it and no amount of movement, no matter how much force, could make it go forward. Well, I think the issue really is in the former category, how much is going to be enough. And here, going back to the specific claim language, we say substantially prevents. We don't say resists. Resists could describe any opposing force, however modest or negligible. So it could be a modest amount of friction or it could be a massive amount of friction such that it's never going to move in the opposite direction. Are you suggesting that substantially prevents is broader than resists? No, I believe resist is broader than substantially prevents. But substantially prevents doesn't mean that it completely prevents. It means, it's a phrase of approximation, it means largely, wholly, but it may not be entirely. And that is where the error is in the district court's construction, reading out substantially. So how much it takes to make it substantially prevent? I think that's ultimately, the jury would decide whether that claim limitation is met based on the normal operation of the assault's accused treadmill. So in your view, some of these examples where you hold on the bars and push your foot really hard or you use your hands, that certainly is moving forward in the wrong way. But that would still not be something that violates the claim construction of substantially prevents. That would be in the barrier between substantially prevents and completely prevents. That was very inelegant, but I think what I meant was the examples they provided of moving forward, which the district court relied on, were instances of abnormal operation of the machine, not normal operation of the machine. Yes, I agree with that. I agree with that. And that's what substantially prevents has to do is, And where do you get that substantially prevents has to be read in context of the normal operation of the machine? Well, it's certainly not a claim construction issue. It matters at infringement because that's simply what assault is saying in terms of its non-infringement theory. And that non-infringement theory depends on that deliberate, unusual override use. And deliberate override use is still going to be infringement, sometimes, not always. If we were to agree with you on claim construction, that is, that whatever substantially prevents means, it doesn't mean what the district court said. That just is too strict. And you're asking for us to do a remand. Are you asking for us to construe the claim based on the record that was before the district court? Are you asking for a remand so the district court could construe the claim in light of intrinsic and extrinsic evidence in the first instance? What are you asking for? Because I think I understand that everybody asked for plain and ordinary meaning and then there was a disagreement at summary judgment on what that was. Right. So for the purposes of remand, remand with direction on what constitutes plain and ordinary meaning would make best sense because the court So based on what the record is currently. Correct. And the district court judge improperly under the guise of prosecution history disclaimer, limited the plain and ordinary meaning of substantially prevents based on the misapplication or misapprehension on the scope of what Bostick and Savatieri mean. Can I have a, what is your best evidence that substantially prevents that a person of ordinary skill in the art looking at the intrinsic evidence and the intrinsic evidence in this record would know that that includes, that it doesn't contemplate that it would prevent forever, that it would, in other words, there's some amount of force that even if it's overridden by some amount of force, it's still substantially preventing. So I think it's two things. I think it's first the plain and unambiguous claim language. Also, it relates to the definition of what constitutes a safety device in the specification of the patent. And what is the language in the specification that you're relying on? Sure. So in column 29 in the 580 patent appendix 96, particularly line 23, it identifies other safety devices to help prevent undesirable forward rotation of the running belt may include cam locking systems, et cetera, et cetera. And this concept of help prevent embodies the possibility that it's not going to be complete prevention, an absolute cessation of movement in the opposite direction under all force conditions. I'd like to reserve my rebuttal time. We'll give you two minutes for rebuttal. Thank you. Go ahead. Please proceed. Good morning, your honors. There's only really two ways a device can impede movement of the belt. It can either stop it entirely or it can somehow resist it and allow some movement. Those are the only two ways. And they clearly and unmistakably disclaimed mere resistance. They did it with regard to Bostik. When they disclaimed it, they didn't try to distinguish whether it was a safety device or not. They said the one-way clutch, the one-way clutch of Bostik, does not provide for rotation in only one direction. And at the treadmill belt, a Bostik is free to move in both directions. They explained in the blue briefs, at pages 35 and 36, exactly how Bostik works. And that is the one-way clutch, when it is gauged, it rotates a flywheel. And when the flywheel rotates, this is a quote from there, quote, when flywheel- What page are you looking at in the record? Right now, I'm looking at the blue brief at page 36, and it's citing the Bostik patent at appendix 719 through 720. Quote, Woodway said, quote, when the flywheel rotates, it does so against the resistance band wrapped around the flywheel. This causes friction, which the user experiences as resistance. So it was disclaiming the mere resistance that was taught by Bostik. And then with regard to- Is this a language in the prosecution history? It's taken from their brief, and they're explaining what Bostik teaches. I understand. Normally, when someone is relying on some sort of disclaimer, it would be based on the prosecution history, or it would be something in the specifications. So that's what I was trying to figure out. That's fine. In the prosecution history at appendix 751 through 752, there they take the position that the Bostik, quote, one-way clutch does not affect movement of the treadmill surface, close quote, quote, because the one-way clutch of Bostik is designed to control movement of the flywheel, not the running belt, close quote. And as explained in that prosecution history, that causes friction, and it causes resistance to the treadmill surface. Moving on to Sabatier. I don't understand that. I mean, to me, that's just distinguishing the device in Bostik as completely different from the purpose of their device, rather than just saying you can't use resistance as substantially prevents. I mean, the Bostik device is all about using it as resistance for the workout or whatever it is, right? Sure enough, but- It doesn't- So that doesn't tell me that you can't use resistance to substantially prevent. Bostik teaches using some resistance for the workout. It doesn't speak to resistance to substantially prevent movement at all. You're right. Bostik teaches resistance for the workout, which means that there's resistance moving the belt one way, but in the other direction, the one-way clutch freewheels, and there is no resistance. And what the examiner was doing was saying, we could just apply that sort of device and combine that, and that would solve the issue. And again, that's when they took this disclaimer. They made their disclaimer. And the same thing with Savatier. Savatier, you're right. Savatier was a roller that was frictionally engaged with the belt, which technically, if you tried to move the belt one way, it would frictionally engage it. If you move the other way, it would freely rotate. But you're right. In Savatier, that was a device that was used to move the belt. Do you agree without this prosecution history that the district court's definition of substantially prevents is overly restricted? No. No. So what in the claim terms in the specification, setting aside the prosecution history, suggests that substantially prevents doesn't allow abnormal forward movement? Well, to me, substantially prevents can be construed in one of two ways. It can mean resistance, maybe. It could have meant that. Or it can mean, as was explained by opposing counsel, there's some movement before it locks in. The safety device has to lock, the one-way clutch, and there's always going to be some movement. So that is substantially prevention, too. That is, I think, what is allowed, and that's what the judge below said would be allowed. Yeah, but the judge below relied on the prosecution history, and if I don't find that convincing, I'm still trying to figure out what substantially prevents mean and why does substantially prevents in the claim language weed out forward movement that's deterred by friction? Because it was described. Okay, but you're not answering my question. Okay, I'm sorry. Set aside the prosecution history and disclaimer and just look on the term substantially prevents and the patent, and why would that rule out, not looking at the prosecution history, friction from being a method of substantially preventing forward movement? I'm not sure how to answer that, except that, again, to me it has two different meanings, and to me it would mean that substantially prevents it. It stops it after moving a short while. Part of that is because in the specification, although Woodway argued in their gray brief that the specification never suggests complete prevention of the belt movement. That's in the gray brief of 13. That's not true. The spec stresses the importance of preventing belt movement, and in every safety device embodiment, it prevents movement. And, of course, in every single embodiment, there is going to be a locking, some locking movement before the movement is prevented. I mean, if the friction is high enough, it also completely prevents movement, unless you operate it with abnormal force, right? You're talking about what's disclosed in the patent? Yes. Well, you'd have to break the mechanism to do that within the patent. To move it forward. Move it forward, yeah. What's in the 580 in the asserted patents? You'd have to break the system. For example, the patent teaches the patent teaches that there's pulley teeth that engage the end of those belts, the end of those belts that support the running belt slats. Can you tell us where it is? Yes, and this is, for example, the 580 patent, in A88 through 89, column 14, line 54 through column 15, line 3. So, again, the spec stresses over and over again. You've got to stop this thing. Is there a particular sentence in that discussion? You said 88 to 89. Is there a particular sentence or portion you want to highlight? Well, it's column 14, line 54 through column 15, line 3. It's a lot. I just want to know what sentence are you... Oh, it's the entire thing. I want to know which one you're really focusing on there. It's the entire thing. Again, it teaches that the pulley has teeth that engage this endless belt on which the running surface is mounted. So, if you stop the pulley that has the teeth, then the belt can't move. Unless you break the system. I suppose, again, with some superhuman force, you could break it and force it to move. That's the specification. But there's other embodiments, right? There's not a single embodiment with a safety device that allows movement. Every single safety device embodiment says it has to be stopped. It says it. Yes, it does. Oh, it says prevents, right? Oh, it says prevents. To me, prevents means prevent. Your view is because the specification doesn't say something like, of course, a person who's darned, you know, really wants to make sure they go in the opposite direction if they exerted a force of X or Y could overcome this mechanical safety device. That means that it has to... There has to be a... Prevents movement 100% of the time? Well, I guess I'm not following that. You're not following me? No. No, what are you asking? It sounds like you're saying that the claim requires a perfect safety device that prevents movement all the time, even if somebody misuses the system. Well, again, if someone breaks the system, that would still not fall within the claims scope, because you're breaking the system. So, that is our position. It has to stop it. There can be some movement before it locks into place, but it has to stop it. So, even abnormal operation that moves it forward is not... It still falls within or is outside of substantially prevents. Well, I don't mean by abnormal, but if someone can move it, that's not abnormal. Sure it is. I mean, there's a lot of different... I mean, there's devices out there where there's enough friction that you stand on them, and they won't go the wrong way, unless you use abnormal force, and then you can get it to move the other way. So, you think that substantially prevents forecloses both of those, not just one of them. Well, I guess I'm not sure if this is delving into the infringement issue, but, again, that's what the judge was talking about, the superhuman versus a... It's very easy to move the belt forward on ours. You can see it was moved with one video. It can be moved with hands. It can be moved with one foot. You're right. That's an infringement issue. But the district courts seem to have encompassed both abnormal and or required that substantially prevents both normal and abnormal movement instead of just normal movement. And why would that be correct? The court was not... Abnormal movement, the court was saying, would still fall within the realm of being substantially prevented. Again, if it was abnormal, like if it took superhuman strength, if someone broke the mechanism, if it took Superman to move it, then it would still be preventing it for the use of an ordinary user. I don't read the district court's opinion that way. I read the district court's opinion as not permitting any movement at all after some minimal movement. That's your claim. And that's not the same as allowing abnormal movement but not allowing normal movement. That might get to an infringement question over whether it requires abnormal force in your device. But it seems like the district court didn't allow both possibilities and that that's too restrictive. Yeah. Again, we're going back and forth on the same issue. The court said if it can be done easily by normal usage, that falls outside the claim scope. If it takes superhuman effort, then the claim is there. But then she got summary judgment wrong. I'm sorry? Then she got summary judgment wrong if you think that's the correct construction. Because it seems like there's a debate... No, she was just saying that... It seems like there's a debate over whether the opposite movement in your device requires normal or abnormal movement. No, not at all. She was only saying if you go supernormal. Again, like a superman. But that was outside the realm of the reality of the case. I just want to talk about the saboteur real quickly because I know First Woodway argued that the device is different mechanically. But then again, they went on to say they gave the disclaimer where it starts, and this is on the office section. I'm sorry. Yeah, this is the response to office section at appendix 1142. Moreover, the one-way clutch device of saboteur does not teach enabling or allowing only one rotational direction of movement. Then it goes on with that disclaimer, which we think was very clear. It was stepped from the mechanical distinction, and according to Computer Docking v. Dell, 519F31366 at 1377, circa 2008, a disavowal of clear and ambiguous can lie in a single distinction among many. So there were two distinctions, but the one was the clear disavowal. Real quick, I want to touch on some other things. For claim differentiation, Woodway argues claim differentiation applies only to different words in the same claim. That's exactly the case here. The originally asserted 005 patent had substantially prevent or resist. So substantially prevent has to mean something different than resist. And then there's the Woodway briefing admission where they admitted that with the issuance of the 005 patent limitation of substantially prevent or resist, quote, Woodway broadened the scope of its invention to include resistance of the running belt. So again, Woodway didn't address that in their briefing, but that's in their admission. And according to the case of Arlington that we have studied in our brief, you can rely on that as a factor. Of course, then we have the Woodwell Council admission during the claim construction hearing, which I think is pretty clear, that they agreed to the claim construction of the district court, and they can't refute that. Did the district court adopt your construction, your proposed construction? I don't think it did. Am I wrong? It did not adopt. It took out, no. It didn't adopt your construction, and it didn't adopt your construction. Our construction was meant to capture the fact that there can be some movement before the locking device locks in. That's what ours was meant to capture as being realistic, I guess. Are there any other questions? What's that? Anything further? Are there any other questions? Okay, thank you. Oh, I have one thing. Real quick, I'm sorry. And the reason, again, I talked about the 005 patent and the fact that it has substantially prevent or resist. This case, like Vindgen LLC versus ESET 51F41377 at 1381 Fed Circuit 2022, says that the disclosures of related patents may inform the construction of claim terms common across the patents. In this case, the 005 patent is part of the same family. It's based on the same parent applications. It basically has the same exact figures. It has the same specification. That's all I have. Thank you. Thank you, counsel. Ms. Challenger? I'll start with where Mr. Halen concluded as it related to this claim differentiation argument. Woodway does not argue that substantially prevents covers mere resistance. And we've agreed in my opening remarks that resist is broader than substantially prevents. Woodway is simply arguing for- He did argue it covers resistance strong enough to substantially prevent forward movement. It's not just some other mechanism that kicks into place and locks. That's correct. Okay. That's correct. Woodway's plain and ordinary construction of substantially prevents is simply that it does not require absolute prevention. And the claim language includes the word substantially. Mr. Halen refers to the specification talking about complete stoppage, complete prohibition of movement. I'll direct your honors to column 29, beginning at lines 7, through the discussion of the various embodiments associated in the 580 specification through column 29, line 22, which refers to prevent. And if the claim language said prevent, standing alone, perhaps that does mean complete cessation of movement in the opposite direction. But the claims say substantially prevents. And the court's precedent treats substantially as a meaningful modifier, denoting approximation, not perfection. The final point I'll make as it relates to any purported concession below about embracing the district court's complete prevention construction is laid bare that there was clear disagreement during argument as to the idea that complete prevention was required. Specifically, I directed the district court to the circumstance of abnormal overcoming the one-way bearing movement. And the court told me that was not something that we were going to address and we were talking about other things. And so if you review the entire colloquy during the Markman hearing, it makes clear that there was firm disagreement about this absolute prohibition of movement in the opposite direction. Thank you to both counsel. The case is submitted. And that concludes today's argument. Thank you. All rise.